PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ZARAGOZA FIGUEROA MATÍAS, Defendant and Appellant.

No. 6162. Argued June 12, 1935.—Decided July 23, 1936.

*José Veray, Jr.* for appellant. *R. A. Gómez* and *Luis Janer,* Prosecuting Attorneys, for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The appellant was charged with having unlawfully, wilfully and maliciously carried in her hands, knowing that she was using the same with the object of selling them in connection with the unlawful game of "Boli-Pool", 46 tickets or numbers of the boli-pool bank known as "T" and other tickets or numbers of the boli-pool bank known as "Gallo de Oro", all of which were seized in addition to the sum of $3.75, proceeds of the sale of tickets or numbers of the boli-pool. It was alleged in the complaint that the facts averred amount to a violation of the provisions of Section 4 of Act No. 25 of July 17, 1935 (Special Session Laws, p. 152).

The defendant was sentenced to pay a fine of $25 or to suffer a similar number of days in prison, and took the present appeal.

The errors assigned by the appellant are:

1.—Failing to hold that Act No. 25 of July 17, 1935, is null and void, as the same was approved on a legal holiday, that is, on Luis Muñoz Rivera's birthday.

2.—Finding the defendant guilty of carrying boli-pool tickets, as said crime is not clearly defined by the act alleged to have been infringed.

3.—That the judgment is contrary to the evidence.

We shall examine the errors assigned in the order in which they have been presented.

The legal question raised by the first assignment, was considered and decided by the trial court in the sense that as July 17, 1935, on which date the Governor signed Act No. 25, was not a Sunday, said act is valid and constitutional, in spite of the fact that it was signed on "Muñoz Rivera's Brithday", which is a statutory legal holiday.

We agree with the reasoning of the trial court. Section 34 of the Organic Act fixes a term of ten days, from which only Sundays are expressly excepted, for the Governor to return to the legislature without his signature the bills that are presented to him that do not merit his approval, or

for signing them within the above term; it being understood that if the Governor does not return or sign a bill within said legal term, the bill shall become a law, just as if he had signed it. Under normal conditions the Governor is entitled to ten full working days, from the day in which a bill is presented, to study the same and to sign or return it without his signature to the legislature. Neither the Governor nor the legislature are authorized to extend said term by excluding legal holidays created by the same legislature, for that would be equivalent to a grant of power to amend the Organic Act. We must hold that the Governor may sign any bill within ten days (Sundays excepted) after the same is presented to him, and that he may sign it on any of said days, even if same is a legal holiday.

The first error must be dismissed.

█ Section 4 of Act No. 25 of 1935, in so far as pertinent, reads:

"Section 4.—Every person caught carrying or conveying any slip of paper, note, ticket, notebook, list of numbers, or implements, knowing that the same are used for the illegal games of 'bolita', 'boli-pool', clandestine combinations related to the pools of the hippodromes of Puerto Rico, and clandestine lotteries; and every person who buys them or any other similar ones which are proved to represent any ticket, chance, share or interest in said illegal games or connected with the playing thereof, shall be immediately arrested, the corresponding complaint to be made before the proper municipal court, and upon conviction, he shall be punished by a fine of not less than twenty-five (25) dollars nor more than fifty (50) dollars, or by imprisonment in jail for a term of not less than twenty (20) days nor more than ninety (90) days; . . . . "

The appellant alleges that the above Section 4 does not clearly describe the crime that it attempts to establish, as it does not define what is meant by the game of "bolita" or "boli-pool"; and that it is an indispensable requisite that the same act define or explain somehow what is meant by

each of said games, as is done by Section 291 of the Penal Code, which defines what is meant by "lottery".

In Corpus Juris we find the following paragraph:

"Where the game is specifically denounced by the statute, it is only necessary to specify it in the indictment by the name given in the statute. It is not necessary, unless required by the terms of the statute, to charge that the game played was one of hazard or chance. Nor is it necessary to allege in what the playing of the game consists." 27 C. J. 1022, sec. 199; People v. Beatty, 14 Cal. 567.

And further on in the same volume we find:

"Section 200.—*Description of Device.*—Where the device upon which the gaming was done or permitted is named in the statute, and in express terms prohibited, it is sufficient to mention the device by name without further description." 27 C. J. 1022, sec. 200.

It is true that our Penal Code (Section 291) describes what is meant by lottery. But that description was absolutely necessary in order to include within a single section the immense variety of plans that human ingenuity may conceive for distributing money or property by chance, no matter what the name given to the plan may be.

When the game prohibited by the statute is commonly known by a given name, it will be enough that the statute prohibit the same by designating it by that name, it being unnecessary to make a description of the plan or device followed in playing it. That is why Section 299 of the Penal Code finds "guilty of a misdemeanor" every person who plays or carries on, either as owner or employee, any game of "faro", "monte", "roulette", "fan-tan", "stud-horse poker", "seven and a half", or any other game of chance, without making the slightest description of the plan to be followed in playing each of said games.

This Court has considered and construed the various provisions of the Penal Code on the matter of prohibited games and has established the rule to be followed in drawing complaints for this kind of crimes.

In *People* v. *Sáez,* 19. P.R.R. 1081, Sáez was accused of having permitted the prohibited game of "monte" to be played in his dwelling house in violation of Section 300 of the Penal Code. The court below overruled a demurrer and this Court affirmed the judgment holding that the court acted correctly, as the complaint followed the wording of the statute and the game of "monte" is expressly prohibited by Section 299 of the same Code. See *People* v. *Ortiz, et al.,* 19 P.R.R. 1076, and *People* v. *Rivera, et al.,* 19 P.R.R. 1084.

The error assigned does not lie.

■■■ The weighing of the evidence, the credibility of witnesses and the weight to be given to their testimony and the decision of the conflicts arising from the evidence, are matters resting on the trial court. As from the record it does not appear that the court has committed· any manifest error; and as no bias, prejudice or partiality has been imputed to the court below, it is our duty to respect its decision.

The judgment appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.